IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CESAR CRUZ, JR., | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH P. CAMERON et al., | : | NO. 09-5666 |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution, in Cresson, Pennsylvania. For the reasons which follow, it is recommended that the petition be DENIED and DISMISSED.

I.  PROCEDURAL HISTORY

On July 11, 2005, petitioner failed to appear for his scheduled trial. Petitioner again failed to appear for his trial on July 12, 2005 and the trial court issued a bench warrant. A jury was selected in petitioner's absence and petitioner's trial began on July 12, 2005. On July 12, 2005, petitioner was convicted of rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, incest, endangering the welfare of a child, corruption of a minor and indecent assault. On December 28, 2005, the trial court sentenced petitioner in absentia to an aggregate term of not less than eleven years not more than thirty year imprisonment. Petitioner was eventually apprehended, and on December 3, 2007, petitioner was committed to Berks

1

County Prison to begin serving his sentence.

Petitioner never filed a direct appeal. On June 3, 2009, petitioner filed a petition of Writ of Habeas Corpus and an application for permission to appeal *nunc pro tunc* in the Superior Court of Pennsylvania. The Superior Court denied the habeas petition because there was no appeal pending in it's court and further denied the application for permission to appeal *nunc pro tunc* without prejudice to seek such relief in the trial court.

Petitioner filed the instant petition of Writ of Habeas Corpus on November 11, 2009.

Respondent asserts that this petition is time barred and must be dismissed, as petitioner is not entitled to habeas review or relief. We agree.

II.     TIMELINESS

Petitioner's allegations of substantive grounds for relief need not be examined, as these claims are barred by the procedural obstacle of timeliness. A strict one-year time limitation on the filing of new petitions is set forth in the federal habeas statute, 28 U.S.C. § 2241, et seq., which was amended under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted on April 24, 1996. Under section 2244(d), the AEDPA provides:

> A 1-year period of limitation shall apply to an applicant for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244 (d)(1) (1996).

This statute also creates a tolling exception which notes that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2254(d)(2). A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). If a petitioner files an out of time application and the state court dismisses it as time-barred, then it is not deemed to be a "properly filed application" for tolling purposes. Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

In the case at bar, petitioner was sentenced on December 28, 2005. Petitioner had thirty days from January 27, 2006 to seek a direct appeal. Petitioner never filed a direct appeal. Accordingly, petitioner's judgment of sentence became final on January 27, 2006, 30 days after the entry of the original judgment of sentence, and the time for filing a direct review ceased. Thus, petitioner had until January 26, 2007 in order to file a timely petition for Writ of Habeas Corpus. On June 3, 2009, petitioner filed a petition of Writ of Habeas Corpus and an application for permission to appeal *nunc pro tunc* in the Superior Court of Pennsylvania, which was denied

without prejudice for petitioner for seek relief in the trial court. This did not effect petitioner's statute of limitations. The instant habeas petition was not filed until November 11, 2009, approximately two years and ten months after the deadline for filing, leaving this court with no choice but to dismiss the request for relief as untimely without consideration of the merits.

One avenue of relief remains for petitioner. The statute of limitations set forth in the AEDPA is subject to equitable tolling. <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." <u>Id.</u> (quotation omitted). The Third Circuit has set forth three circumstances permitting equitable tolling: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotations omitted). "In non-capital cases, attorney error, miscalculation, inadequate research or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir. 2001), <u>cert. denied</u>, 122 S. Ct. 323 (2001) (citing cases). Petitioner has failed to argue that any valid circumstances exist to equitably toll the statute of limitations, and thus the habeas petition must be dismissed in its entirety.

Therefore, I make the following:

RECOMMENDATION

AND NOW, this _____ day of March, 2010, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED AND DISMISSED.

It is also RECOMMENDED that a certificate of appealability not be granted.

BY THE COURT:

/S LINDA K. CARACAPPA

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE