IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM CESAR CRUZ, JR., )
 ) Civil Action
        Petitioner ) No. 09-cv-5666
 )
   vs. )
 )
KENNETH P. CAMERON, as )
Superintendent SCI Cresson; )
THE DISTRICT ATTORNEY OF BERKS CO., )
  and his successors in office; and )
THOMAS CORBETT, as Attorney General )
  of the Commonwealth of )
Pennsylvania, )
 )
        Respondents

O R D E R

NOW, this 20th day of June, 2011, upon consideration of the following documents:

    (1) Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner William Cesar Cruz, Jr. pro se on November 3, 2009 (Document 1)[1];

    (2) Answer to the Motion for Writ of Habeas Corpus, which answer was filed by respondents on February 17, 2010 (Document 6);

    (3) Report and Recommendation of United States Magistrate Judge Linda K. Caracappa filed March 10, 2010 (Document 7);

    (4) Objection Motion, Which Petitioner's Responding to the U. States Magistrate Judge's Report and Recommendation Entered on the 11th Day of March 2010, Whereas Said Order in the Contrary to Law (Sic.), which

---

[1] Although the docket entries reflect that the petition for writ of habeas corpus was filed November 30, 2009, petitioner William Cesar Cruz, Jr. indicated next to his signature that he executed the petition on November 3, 2009. (See petition at 11.) Pursuant to the prison mailbox rule, this Court will consider the date of filing as November 3, 2009. The prison mailbox rule deems a motion to have been filed on the date the petitioner delivered his petition to prison officials to mail. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1997).

>     objection motion was filed on March 29, 2010 (Document 9);
>
> (5) Petitioner's Response to the Honorable Judge, Thomas M. Golden J., Order Dated on the 19th Day of May 2010, Allowing Plaintiff to File a Traverse, which response was filed on June 1, 2010 (Document 13);
>
> (6) Motion for Relief Pending Habeas Corpus Due Process, which motion was filed by petitioner on November 17, 2010 (Document 15); and
>
> (7) Motion for Speedy Disposition of Appellant's Long Pending Writ of Habeas Corpus Due, which motion was filed by petitioner on April 25, 2011 (Document 16),

it appearing after review of this matter that Magistrate Judge Caracappa's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

<u>IT IS ORDERED</u> that the objections of petitioner to the Report and Recommendation of Magistrate Judge Caracappa are overruled.[2]

---

[2] When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections. 28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania. Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge. <u>Raddatz</u>, <u>supra</u>.

Petitioner raises four objections relating to the timeliness of his petition. First, petitioner contends that his November 3, 2009 petition was timely because the sentence he is challenging ran consecutively to a previous sentence, and thus he did not begin serving the challenged sentence until February of 2010. Second, petitioner contends that his petition was

(<u>Footnote 2 continued</u>):

(Continuation of footnote 2):

timely filed under a statutory tolling analysis. Third, petitioner contends that his petition was timely filed under an equitable tolling analysis. Finally, petitioner contends that this court may ignore the one-year limitation on filing a § 2254 petition mandated by the amendment to 28 U.S.C. § 2244, enacted through Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 ("AEDPA"), to reach the merits of his claims because he claims in his underlying petition that the state trial court's judgment was invalid.

Upon review of the Report and Recommendation, together with de novo review of the issue of timeliness, I conclude that Magistrate Judge Caracappa correctly determined that petitioner's habeas corpus claims are time-barred, although my time calculations differ slightly from those set forth in the Report and Recommendation.

As the Report and Recommendation correctly notes, a strict one-year period of limitation applies to an application for a writ of habeas corpus by a person in state custody. 28 U.S.C. § 2244(d)(1). This one-year period starts to run from the latest of the date on which: (A) the state court judgment became final; (B) the impediment, created by state action in violation of the United States Constitution or laws, which prevented filing is removed; (C) the constitutional right asserted was initially recognized by the Supreme Court, if the right is made retroactively applicable to cases on collateral review; or (D) the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Here, the applicable date is the date on which petitioner's state-court judgment became final, either by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced in the Berks County Court of Common Pleas on December 28, 2005. Report and Recommendation at 1. However, no direct appeal was filed. Id. at 2. As a result, petitioner's state-court judgment became final on January 27, 2006, when the thirty-day filing deadline for a direct appeal to the Superior Court of Pennsylvania expired. Pa.R.App.P. 903(c)(3). Accordingly, the one-year limitations period for petitioner to timely file a habeas corpus petition began on January 27, 2006, and absent any tolling, expired on January 29, 2007. (Because the calculation of the one-year filing deadline fell on Saturday, January 27, 2007, the deadline extended to Monday, January 29, 2007 pursuant to Federal Rule of Civil Procedure 6(a)(3)(A).)

Petitioner did not file the within petition until November 3, 2009, approximately two years and ten months later. (Although the Report and Recommendation states the filing date as November 11, 2009, I consider the filing date to be November 3, 2009 as discussed in footnote 1, supra.)

Petitioner's first objection is without merit. Petitioner argues that although he was sentenced in 2005, this sentence was to run consecutively to another previous sentence so that he did not begin serving the sentence he is challenging through this habeas action until February of 2010. Thus, Petitioner contends that his petition filed November 3, 2009 was timely.

Petitioner is incorrect. Regardless of when he began serving his sentence, the applicable start date for the one-year AEDPA limitations period is the date on which the state-court judgment became final, either by the

(Footnote 2 continued):

conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As discussed above, the statute of limitations clock began to run on January 27, 2006 when petitioner's sentence became final, thirty days after the sentence was imposed and petitioner failed to appeal, and petitioner's time expired on January 29, 2007. Accordingly, I overrule the first objection.

Petitioner's second objection is also without merit. Petitioner suggests that he is entitled to statutory tolling of his one-year limitation period because on June 3, 2009, he filed a petition for writ of habeas corpus in the Superior Court of Pennsylvania, which was denied without prejudice for petitioner to first seek such relief in the trial court. See Objections at 2-3. Although a properly-filed application for state post-conviction relief tolls the one-year limitation period, see 28 U.S.C. § 2244(d)(2), petitioner sought state post-conviction relief after his one-year federal limitation period had already expired on January 29, 2007. Thus, petitioner's June 3, 2009 petition in state court did not entitle him to statutory tolling, whether properly filed or not. Accordingly, I overrule the second objection.

Petitioner's third objection is also without merit. Petitioner contends that he is entitled to equitable tolling of his limitations period. Equitable tolling should be used sparingly. Seitzinger v. Reading Hospital & Medical Center, 165 F.3d, 236, 239 (3d. Cir. 1999). Petitioner has the burden to show that he "diligently pursued his rights and that some extraordinary circumstance stood in his way." Satterfield v. Johnson, 434 F.3d 185, 195 (3d. Cir. 2006). Equitable tolling may apply where "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Id.

I conclude that none of the circumstances necessary for equitable tolling are present in this case. As discussed above, there is no suggestion that petitioner timely asserted his rights in the wrong forum. Instead, it appears that petitioner sought post-conviction relief at the state level after his one-year federal limitations period had expired. Petitioner also does not allege that the defendants deceived him in some way, although he contends that the state court chose his counsel, "which obviously deprived Petitioner of an independent, Loyal, and effective counsel." See Objections at 5. Petitioner is incorrect. The Constitution guarantees an indigent defendant counsel, but not necessarily counsel of his choice. Siers v. Ryan, 773 F.2d 37, 44 (3d Cir. 1985).

Moreover, although petitioner complains that his court-appointed counsel failed to file the appeal he desired, he does not explain how counsel's actions prevented him from filing a habeas petition himself. Counsel's failure to appeal is not a form of ineffective assistance so egregious that it triggers equitable tolling. Hayden v. Brooks, 2007 U.S.Dist.LEXIS 99063, *11 (E.D.Pa. July 23, 2007)(Restrepo, M.J.), rept. and rec. approved and adopted by 2007 U.S.Dist.LEXIS 64557 (Ed.Pa. Aug. 29, 2007)(Davis, J.).

Finally, Petitioner makes the conclusory allegation that "he was subjected to Department of Corrections interference with his rights to access to court," which contributed to the untimeliness of his petition. See Objections at 5. Petitioner does not explain what interference he experienced, or cite to a specific incident or fact from which I may infer

(Footnote 2 continued):

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Caracappa is approved and adopted.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus is dismissed without a hearing.

---

Continuation of footnote 2):

that interference had taken place. Petitioner alleges that he was "rushed off" to begin serving his sentence before he had a chance to consult with his attorney. The fact that petitioner began serving his sentence is neither proof nor even an allegation that the Department of Corrections interfered with Petitioner's right of access to the court. The ordinary incidences and inconveniences of prison life are not the kind of extraordinary circumstances that trigger equitable tolling. See United States v. Ramsey, 1999 U.S.Dist.LEXIS 19097, *4 n.2 (Dec. 10, 1999)(Bechtle, J.).

Because I conclude that petitioner has not shown that he is entitled to equitable tolling, I overrule petitioner's third objection.

Petitioner's final objection is also without merit. Petitioner suggests that this court may ignore the time-bar to reach the merits of his claims because he avers in his petition that he was tried and sentenced *in absentia,* and therefore "there are no valid judgments that the state court has any interest in and that would have induced the running of the AEDPA." See Objections at 4. Petitioner cites no caselaw supporting his argument that this court may ignore the strict one-year limitation period of 28 U.S.C. § 2244 simply because his claim questions the the validity of the state court's judgment. To the contrary, district courts have applied the one-year limitation period even where the underlying claims in habeas petitions challenge jurisdiction or validity of a judgment. See, e.g., United States v. Viola, 2003 U.S.Dist.LEXIS 11692, *3-4 (E.D.Pa. July 10, 2003)(Kelly, James McGirr, J.); Breese v. Maloney, 322 F.Supp.2d 109, 111-112 (D.Mass. 2004). Accordingly, I overrule the final objection.

I conclude that the remainder of the contentions included in petitioner's objections are nothing more than a restatement of the underlying claims contained in his petition. Accordingly, I do not address those objections. See Morgan v. Astrue, 2009 U.S.Dist. LEXIS 101092, *8 (E.D.Pa. Oct. 30, 2009)(Buckwalter, S.J.). Moreover, upon review of Magistrate Judge Caracappa's Report and Recommendation, together with de novo review of this matter, I conclude that the Report and Recommendation correctly determines the legal issues raised by petitioner.

Accordingly, I approve and adopt Magistrate Judge Caracappa's Report and Recommendation and overrule petitioner's objections to the Report and Recommendation. Moreover, because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, and because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542, 555 (2000).

IT IS FURTHER ORDERED that because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, and because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.

IT IS FURTHER ORDERED that petitioner's Motion for Relief Pending Habeas Corpus Due Process is denied in part and dismissed in part as moot.[3]

IT IS FURTHER ORDERED that petitioner's Motion for Speedy Disposition of Appellant's Long Pending Writ of Habeas Corpus Due is dismissed as moot.[4]

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

[3] Petitioner's motion for relief largely rehashes the claims in his underlying petition, which I have determined to be time-barred. (See footnote 2, supra.) Petitioner additionally requests discovery in order to pursue his underlying claims, and requests bail pending the disposition of his petition for habeas relief. Because this Order disposes of the petition by dismissing it as time-barred, I dismiss these requests as moot.

Petitioner also requests appointment of counsel. However, "[t]he Sixth Amendment does not guarantee a right to counsel in habeas proceedings." United States v. Brown, 2008 U.S.Dist.LEXIS 28779, *12 (E.D.Pa. Apr. 8, 2008)(Yohn, J.)(citing Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539, 545 (1987)). Pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, I must appoint counsel only if an evidentiary hearing is warranted. Here, no hearing is warranted because petitioner's action is time-barred. Accordingly, I deny petitioner's motion to the extent he requests appointment of counsel.

[4] Petitioner's motion for speedy disposition seeks prompt disposition of his § 2254 petition, and otherwise rehashes his underlying claims, which I have determined to be time-barred (See footnote 2, supra.) Because this Order disposes of the petition, I dismiss petitioner's motion as moot.